**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KARISSA BETH COLLINS, | Case No.:  26-cv-5708 |
| Plaintiff, | On Removal From the Supreme Court of New York, County of New York, Index No. 157484/2026 |
| v. | |
| META PLATFORMS, INC., | |
| Defendant. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Meta Platforms, Inc. ("Meta"), without waiving or relinquishing any defenses it may have, files this Notice of Removal of an Action from State Court, and hereby removes the civil action pending in the Supreme Court of New York, County of New York, Index No. 157484/2026 (the "State Court Action") to the United States District Court for the Southern District of New York, which is the federal district court embracing the county in which the State Court Action is pending.  In support, Meta states the following:

## STATEMENT OF THE CASE

1.     On June 13, 2026, Plaintiff Karissa Beth Collins filed a Complaint against Defendant captioned *Karissa Beth Collins v. Meta Platforms, Inc.*, Index No. 157484/2026, in the Supreme Court of New York, County of New York (the "Complaint").  Exhibit A.  On the same day, a Summons was issued for Meta.  Exhibit B.

2.     The Summons with Complaint was purportedly delivered to a legal representative of CSC in Albany, New York on June 15, 2026.  The Complaint seeks $1,000,000 in damages for nine causes of action, as follows: (1) breach of contract; (2) breach of implied covenant of good

faith and fair dealing; (3) negligence; (4) gross negligence; (5) negligent misrepresentation; (6) conversion; (7) violation of New York General Business Law Section 349; (8) unjust enrichment; and (9) declaratory judgment.

3.    There are no other named defendants in this case.

4.    Defendant has not yet answered or otherwise responded to the Complaint in the State Court Action. Meta reserves all rights to raise any and all available defenses in this Court or in the State Court in the event of a remand. *See, e.g., Cantor Fitzgerald, L.P., v. Peaslee*, 88 F.3d 152, 157 n.2 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses."). By removing this action from the Supreme Court of New York, County of New York, Meta does not admit any of the allegations in the Complaint.

## TIMELINESS OF REMOVAL

5.    This Notice of Removal is timely because it was filed within the time period permitted by the Federal Rules and 28 U.S.C. § 1446(b).

## JURISDICTION AND GROUNDS FOR REMOVAL

6.    This Court has jurisdiction under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.  See generally, Compl.

7.    The Complaint indicates that Plaintiff does not reside in New York.  *See* Compl. ¶ 136.  Upon information and belief, Plaintiff is domiciled in the State of Texas, and therefore is a citizen of Texas for purposes of diversity jurisdiction. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile.")

8.    Meta is a Delaware corporation that maintains its principal place of business in

California.[1] Accordingly, for purposes of diversity jurisdiction, Meta is a citizen of Delaware and California. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see also Davis v. Meta Platforms, Inc*., No. 4:22- CV-01001, 2023 WL 4670491, at *6 (E.D. Tex. July 20, 2023) (finding that Meta is a citizen of Delaware and California for purposes of diversity jurisdiction); *see also Romero v. Meta Platforms, Inc.*, 7:23-cv-3306, 2024 WL 1554826, at *1 (D.S.C. Mar. 14, 2024) (dismissing claims against Meta for lack of personal jurisdiction because "Meta is a Delaware corporation, with a principal place of business in Menlo Park, California").

9.      As such, there is complete diversity of citizenship between the parties because this is a civil action between citizens of different states.

10.      Plaintiff is seeking damages in the amount of $1,000,000. *See* Compl. Accordingly, the amount in controversy exceeds the jurisdictional threshold of $75,000. 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1446(c)(2) (amount in controversy determined by amount demanded in the initial pleading).

11.      Because this is a civil action between citizens of different states, and because Plaintiff seeks more than $75,000 in damages, this Court has original jurisdiction under 28 U.S.C. § 1332, and the State Action is removable pursuant to 28 U.S.C. § 1441(a) and (b).

## VENUE

12.      "[A]ny civil action brought in a State court of which the district courts of the United States have jurisdiction, may be removed by the . . . defendants, to the district court for the district and division embracing the place where such action is pending." 28 U.S.C § 1441(a); *see also id*.

---

[1] *See* Meta, Form 10-K, https://d18rn0p25nwr6d.cloudfront.net/CIK-0001326801/a8eb8302- b52c-4db5-964f-a2d796c05f4b.pdf.

§ 1453(b).

13.     Removal to the Southern District of New York is appropriate because the State Court Action was commenced and is pending in the Supreme Court of New York, County of New York, which lies within this federal judicial district.

## PROCEDURAL REQUIREMENTS

14.     This Notice of Removal is signed by counsel for Meta pursuant to Federal Rule of Civil Procedure 11.  *See* 28 U.S.C. § 1446(a).

15.     Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing is being served upon Plaintiff's counsel.  In addition, a copy of the Notice of Removal will be filed with the Supreme Court of New York, County of New York, in which the State Court Action is pending.  28 U.S.C. § 1446(d).

16.     Meta has not attempted to litigate this case in state court or taken any action that could be construed as a waiver of its right of removal.

## NOTICE OF REMOVAL

17.     In compliance with 28 U.S.C. § 1446(a), attached hereto as **Exhibits A and B** are copies of all process, pleadings, and orders served on or otherwise provided to Meta in the State Court Action to date, including the Summons and Complaint.

18.     Along with this Notice of Removal, Meta has concurrently tendered the proper filing fee.

19.     Meta reserves its right to amend or supplement this Notice of Removal. If any question arises as to the propriety of the removal of this action, Meta requests the opportunity to present further briefing, evidence and/or oral argument in support of removal.

WHEREFORE, notice is given that Meta hereby removes this case from the Supreme Court of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: July 6, 2026                          Respectfully submitted,

/s/ *Rochelle F. Swartz*
Rochelle F. Swartz
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W. 52nd Street
New York, NY 10019
Tel.: (212) 506-5000
Email: rswartz@orrick.com

*Counsel for Defendant Meta Platforms, Inc.*