UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| KARISSA BETH COLLINS,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. |

26-cv-5708 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

The Court is in receipt of the motion of defendant, Meta Platforms, Inc. ("Meta"), pursuant to Fed. R. Civ. P. 60(a) to correct a purported error in this Court's Memorandum Order transferring this case to the Northern District of California. See ECF No. 20. Prior to filing the instant motion, counsel for Meta attempted to convene a joint call with this Court concerning the motion and counsel the plaintiff, Karissa Beth Collins, refused. Thereafter, Meta filed the motion by email with the Court. Meta also attached a letter, addressed from Collins's counsel to Meta's counsel, detailing Collins's objections to the motion.

Meta requests that the Court correct an alleged error its August 20 Order. Specifically, Meta argues that there is an error in the following sentence: "At these times, and earlier, there was no forum selection clause in the then-effective terms for each platform." ECF No. 18, at 3. Meta concedes that this statement

reflects the information that its counsel provided the Court during the oral argument on its transfer motion. However, Meta now contends that the following statement more accurately reflects the record: "At these times, and earlier, there was a forum selection clause in the then-effective terms for Facebook but not Instagram."

While the relevant portion of the Court's Order was an accurate reflection of Meta's oral representation, the Court agrees with Meta it was nevertheless an erroneous recitation of the record before the Court. See ECF No. 15-2 § 15(1). Moreover, the Court agrees with Meta that this was a minor and inadvertent error that had no bearing on the Court's decision to grant Meta's transfer motion. The Court therefore concludes that it was properly the subject of a motion pursuant to Fed. R. Civ. P. 60(a). See Dudley ex rel. Est. of Patton v. Penn-Am. Ins. Co., 313 F.3d 662, 665 (2d Cir. 2002)(finding that a Rule 60(a) motion was proper because "[t]he Amended Judgment did not affect substantive rights" but rather "merely corrected judicial oversight").

Accordingly, the Court retains the authority to issue this correction. Cf. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1521-22 (10th Cir. 1991) (reasoning that Rule 60(a) could not be invoked following transfer of a case "to correct an invalid transfer or restore jurisdiction," but that it could "be used to make the judgment or record speak the truth"); In re

Galiardi, 745 F.2d 335, 337 (5th Cir. 1984) (similar). Thus, the Court grants Meta's motion.

The Court's Order of August 19 is hereby amended to replace the following sentence at page 3 of Docket Number 18: "At these times, and earlier, there was no forum selection clause in the then-effective terms for each platform." This sentence is replaced with the following: "At these times, and earlier, there was a forum selection clause in the then-effective terms for Facebook but not Instagram."

SO ORDERED.

Dated: New York, NY

October 18, 2026

JED S. RAKOFF, U.S.D.J.